# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

CHANTAE RINGGOLD

**DEFENDANTS**   HOLY CROSS CATHOLIC SCHOOL -AND- INDEPENDENCE MISSION SCHOOLS

**(b)** County of Residence of First Listed Plaintiff   DELAWARE
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant   PHILADELPHIA
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*

Brian C. Farrell, Esq. #319145 The Gold Law Firm, P.C. 1835 Market St., Ste. 515, Phila, PA 19103

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- [ ] 1 U.S. Government Plaintiff
- [X] 3 Federal Question *(U.S. Government Not a Party)*
- [ ] 2 U.S. Government Defendant
- [ ] 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [ ] 1 | [ ] 1 | Incorporated *or* Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated *and* Principal Place of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| [ ] 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | [ ] 625 Drug Related Seizure of Property 21 USC 881 | [ ] 422 Appeal 28 USC 158 | [ ] 375 False Claims Act |
| [ ] 120 Marine | [ ] 310 Airplane / [ ] 365 Personal Injury - Product Liability | [ ] 690 Other | [ ] 423 Withdrawal 28 USC 157 | [ ] 376 Qui Tam (31 USC 3729(a)) |
| [ ] 130 Miller Act | [ ] 315 Airplane Product Liability / [ ] 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | **INTELLECTUAL PROPERTY RIGHTS** | [ ] 400 State Reapportionment |
| [ ] 140 Negotiable Instrument | [ ] 320 Assault, Libel & Slander | | [ ] 820 Copyrights | [ ] 410 Antitrust |
| [ ] 150 Recovery of Overpayment & Enforcement of Judgment | [ ] 330 Federal Employers' Liability / [ ] 368 Asbestos Personal Injury Product Liability | | [ ] 830 Patent | [ ] 430 Banks and Banking |
| [ ] 151 Medicare Act | [ ] 340 Marine | | [ ] 835 Patent - Abbreviated New Drug Application | [ ] 450 Commerce |
| [ ] 152 Recovery of Defaulted Student Loans (Excludes Veterans) | [ ] 345 Marine Product Liability | **PERSONAL PROPERTY** | [ ] 840 Trademark | [ ] 460 Deportation |
| | [ ] 350 Motor Vehicle / [ ] 370 Other Fraud | **LABOR** | [ ] 880 Defend Trade Secrets Act of 2016 | [ ] 470 Racketeer Influenced and Corrupt Organizations |
| [ ] 153 Recovery of Overpayment of Veteran's Benefits | [ ] 355 Motor Vehicle Product Liability / [ ] 371 Truth in Lending | [ ] 710 Fair Labor Standards Act | | [ ] 480 Consumer Credit (15 USC 1681 or 1692) |
| [ ] 160 Stockholders' Suits | [ ] 360 Other Personal Injury / [ ] 380 Other Personal Property Damage | [ ] 720 Labor/Management Relations | **SOCIAL SECURITY** | [ ] 485 Telephone Consumer Protection Act |
| [ ] 190 Other Contract | [ ] 362 Personal Injury - Medical Malpractice / [ ] 385 Property Damage Product Liability | [ ] 740 Railway Labor Act | [ ] 861 HIA (1395ff) | [ ] 490 Cable/Sat TV |
| [ ] 195 Contract Product Liability | | [ ] 751 Family and Medical Leave Act | [ ] 862 Black Lung (923) | [ ] 850 Securities/Commodities/ Exchange |
| [ ] 196 Franchise | | [ ] 790 Other Labor Litigation | [ ] 863 DIWC/DIWW (405(g)) | [ ] 890 Other Statutory Actions |
| | | [ ] 791 Employee Retirement Income Security Act | [ ] 864 SSID Title XVI | [ ] 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | | [ ] 865 RSI (405(g)) | [ ] 893 Environmental Matters |
| [ ] 210 Land Condemnation | [ ] 440 Other Civil Rights | **Habeas Corpus:** | **FEDERAL TAX SUITS** | [ ] 895 Freedom of Information Act |
| [ ] 220 Foreclosure | [ ] 441 Voting / [ ] 463 Alien Detainee | | [ ] 870 Taxes (U.S. Plaintiff or Defendant) | [ ] 896 Arbitration |
| [ ] 230 Rent Lease & Ejectment | [X] 442 Employment / [ ] 510 Motions to Vacate Sentence | | [ ] 871 IRS—Third Party 26 USC 7609 | [ ] 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| [ ] 240 Torts to Land | [ ] 443 Housing/ Accommodations / [ ] 530 General | | | [ ] 950 Constitutionality of State Statutes |
| [ ] 245 Tort Product Liability | [ ] 445 Amer. w/Disabilities - Employment / [ ] 535 Death Penalty | **IMMIGRATION** | | |
| [ ] 290 All Other Real Property | [ ] 446 Amer. w/Disabilities - Other / **Other:** | [ ] 462 Naturalization Application | | |
| | [ ] 448 Education / [ ] 540 Mandamus & Other | [ ] 465 Other Immigration Actions | | |
| | [ ] 550 Civil Rights | | | |
| | [ ] 555 Prison Condition | | | |
| | [ ] 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- [X] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another District *(specify)*
- [ ] 6 Multidistrict Litigation - Transfer
- [ ] 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
Americans with Disabilities Act, 42 U.S.C. §12101 et seq

Brief description of cause:
Employment  Discrimination matter

## VII. REQUESTED IN COMPLAINT:

- [ ] CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

DEMAND $ 150,000 IN EXCESS

CHECK YES only if demanded in complaint:
JURY DEMAND: [X] Yes [ ] No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*   JUDGE _____   DOCKET NUMBER _____

| DATE | SIGNATURE OF ATTORNEY OF RECORD |
|---|---|
| 06/22/2026 | /S/ BRIAN C.  FARRELL, ESQUIRE  I.D. 319145 |

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

**DESIGNATION FORM**

Place of Accident, Incident, or Transaction: 144 East Mt. Airy Avenue, Philadelphia, Pennsylvania 19119

---

***RELATED CASE IF ANY:*** Case Number:_____ Judge:_____

1. Does this case involve property included in an earlier numbered suit?  Yes ☐

2. Does this case involve a transaction or occurrence which was the subject of an earlier numbered suit?  Yes ☐

3. Does this case involve the validity or infringement of a patent which was the subject of an earlier numbered suit?  Yes ☐

4. Is this case a second or successive habeas corpus petition, social security appeal, or pro se case filed by the same individual?  Yes ☐

5. Is this case related to an earlier numbered suit even though none of the above categories apply? If yes, attach an explanation.  Yes ☐

I certify that, to the best of my knowledge and belief, the within case ☐ **is** / ☒ **is not** related to any pending or previously terminated action in this court.

---

**Civil Litigation Categories**

**A.** *Federal Question Cases:*

- ☐ 1. Indemnity Contract, Marine Contract, and All Other Contracts)
- ☐ 2. FELA
- ☐ 3. Jones Act-Personal Injury
- ☐ 4. Antitrust
- ☐ 5. Wage and Hour Class Action/Collective Action
- ☐ 6. Patent
- ☐ 7. Copyright/Trademark
- ☒ 8. Employment
- ☐ 9. Labor-Management Relations
- ☐ 10. Civil Rights
- ☐ 11. Habeas Corpus
- ☐ 12. Securities Cases
- ☐ 13. Social Security Review Cases
- ☐ 14. Qui Tam Cases
- ☐ 15. Cases Seeking Systemic Relief **\*see certification below\***
- ☐ 16. All Other Federal Question Cases. *(Please specify)*:_____

**B.** *Diversity Jurisdiction Cases:*

- ☐ 1. Insurance Contract and Other Contracts
- ☐ 2. Airplane Personal Injury
- ☐ 3. Assault, Defamation
- ☐ 4. Marine Personal Injury
- ☐ 5. Motor Vehicle Personal Injury
- ☐ 6. Other Personal Injury *(Please specify)*:_____
- ☐ 7. Products Liability
- ☐ 8. All Other Diversity Cases: *(Please specify)*_____

I certify that, to the best of my knowledge and belief, that the remedy sought in this case ☐ **does** / ☒ **does not** have implications beyond the parties before the court and ☐ **does** / ☒ **does not** seek to bar or mandate statewide or nationwide enforcement of a state or federal law including a rule, regulation, policy, or order of the executive branch or a state or federal agency, whether by declaratory judgment and/or any form of injunctive relief.

---

**ARBITRATION CERTIFICATION (CHECK ONLY ONE BOX BELOW)**

I certify that, to the best of my knowledge and belief:

☒ Pursuant to Local Civil Rule 53.2(3), this case is not eligible for arbitration either because (1) it seeks relief other than money damages; (2) the money damages sought are in excess of $150,000 exclusive of interest and costs; (3) it is a social security case, includes a prisoner as a party, or alleges a violation of a right secured by the U.S. Constitution, or (4) jurisdiction is based in whole or in part on 28 U.S.C. § 1343.

☐ None of the restrictions in Local Civil Rule 53.2 apply and this case is eligible for arbitration.

NOTE: A trial de novo will be by jury only if there has been compliance with F.R.C.P. 38.

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

**CASE MANAGEMENT TRACK DESIGNATION FORM**

CHANTE RINGGOLD                                    :                        CIVIL ACTION NO:
                                                               :
                                                               :
                        v.                                    :
 HOLY CROSS CATHOLIC SCHOOL          :
                                                               :
-and- INDEPENDENCE MISSION            :
         SCHOOLS

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.)  In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.                    ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health
     and Human Services denying plaintiff Social Security Benefits.                                       ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.   ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from
     exposure to asbestos.                                                                                                        ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are
     commonly referred to as complex and that need special or intense management by
     the court.  (See reverse side of this form for a detailed explanation of special
     management cases.)                                                                                                          ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.          (☑)

06/22/2026                          /s/ Brian C. Farrell, Esquire        PLAINTIFF
**Date**                                **Attorney-at-law**                    **Attorney for**

 (215) 569-1999                      (215) 569-3870                      bfarrell@discrimlaw.net

**Telephone**                        **FAX Number**                      **E-Mail Address**

(Civ. 660) 10/02

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CHANTAE RINGGOLD, | : | |
| | : | |
| Plaintiff, | : | **Civ. No.** |
| | : | |
| v. | : | |
| | : | |
| HOLY CROSS CATHOLIC SCHOOL | : | |
| and INDEPENDENCE MISSION | : | **JURY TRIAL DEMANDED** |
| SCHOOLS, | : | |
| | : | |
| Defendants. | : | |
| | : | |

## COMPLAINT

Plaintiff Chantae Ringgold ("Plaintiff"), through her attorneys, files this Complaint against Defendants Holy Cross Catholic School and Independence Mission Schools (collectively, "Defendants") and avers as follows:

## JURISDICTION AND VENUE

1.     This Court has original jurisdiction over Plaintiff's federal claims pursuant to 28 U.S.C. §1331. This Court has supplemental jurisdiction over Plaintiff's state and local law claims pursuant to 28 U.S.C. §1367.

2.     Venue is proper in this judicial district pursuant to 28 U.S.C. §1391(b) because a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in the Eastern District of Pennsylvania.

3.     All conditions precedent to the action have been satisfied. Plaintiff filed a Charge of Discrimination with the United States Equal Employment Opportunity Commission and the Pennsylvania Human Relations Commission on or about January 22, 2025. Plaintiff received a

1

Notice of Right to Sue from the EEOC on or about April 14, 2026. More than one year has elapsed since Plaintiff filed her charge with the Pennsylvania Human Relations Commission. Plaintiff has exhausted all administrative remedies.

**PARTIES**

4.      Plaintiff Chantae Ringgold is an adult individual and resident of Pennsylvania. At all times relevant to this Complaint, Plaintiff was an applicant for employment with and/or an employee of Defendants at the Holy Cross Catholic School in Philadelphia, Pennsylvania.

5.      Defendant Holy Cross Catholic School is a Catholic school located at 144 East Mt. Airy Avenue, Philadelphia, Pennsylvania 19119, operating within the Independence Mission Schools network.

6.      Defendant Independence Mission Schools is an entity with offices located at 1012 West Thompson Street, Philadelphia, Pennsylvania 19122. Independence Mission Schools is an independent system of fourteen Catholic schools, including Holy Cross Catholic School, serving children across the City of Philadelphia.

7.      At all times relevant to this Complaint, Defendants operated as an integrated enterprise and/or joint employer of Plaintiff. Among other things, Defendants shared centralized human resources functions, and Independence Mission Schools' Director of Human Resources participated in the decisions concerning Plaintiff's employment, including the decision to rescind Plaintiff's offer and/or terminate her employment.

8.      At all times relevant to this Complaint, each Defendant was an employer within the meaning of the ADA, the PHRA, and the PFPO.

2

**FACTUAL ALLEGATIONS**

9. In or about mid-July 2024, one of Defendants' Human Resources representatives contacted Plaintiff about Defendants' open Auxiliary Teacher position at Holy Cross Catholic School.

10. The representative told Plaintiff that she had reviewed Plaintiff's resume on Indeed and that Plaintiff's experience as a special needs teacher and her education in psychology made her highly qualified for the role.

11. The representative also told Plaintiff that Defendants needed someone with Plaintiff's qualifications because they did not have teachers who could work with special needs children at Holy Cross. Plaintiff confirmed her interest in the position.

12. On or about July 19, 2024, Rosalie Doherty ("Doherty"), Principal of Holy Cross, called Plaintiff and reiterated that Plaintiff was highly qualified for the Auxiliary Teacher role.

13. On or about July 22, 2024, Plaintiff interviewed again with Doherty, who offered Plaintiff the Auxiliary Teacher position.

14. On or about July 26, 2024, Plaintiff accepted Defendants' offer and returned her executed offer letter to Toya Lacey ("Lacey"), a Human Resources representative.

15. On or about August 6, 2024, Defendants sent Plaintiff additional documentation pertaining to her onboarding.

16. On or about August 14, 2024, Plaintiff provided the requested onboarding paperwork to Defendants' Office of Human Resources.

17. On or about August 18, 2024, Doherty asked Plaintiff to attend Defendants' upcoming professional development day for all staff members, telling Plaintiff that she "really wanted [Plaintiff] there" to meet the other teachers before the start of the school year. Doherty

3

told Plaintiff that she would be paid for attending and that the day would be backdated on Plaintiff's first paycheck once Doherty notified Human Resources. Plaintiff agreed to attend. Despite Doherty's assurance, Defendants never paid Plaintiff for that day.

18.    On or about August 19, 2024, Lacey confirmed to Plaintiff that her onboarding documents had been accepted and that she was cleared to work for Defendants.

19.    Plaintiff, having already been cleared to work, attended Defendants' professional development day on or about August 19, 2024 and met Defendants' staff members in attendance.

20.    Plaintiff has a traumatic brain injury and concussion arising from a motor vehicle accident. Plaintiff's condition is episodic and varies in intensity. When active, Plaintiff's symptoms can include migraines, headaches, imbalance, insomnia, saccadic eye movements, fatigue, photophobia (sensitivity to light), and phonophobia (sensitivity to sound).

21.    Plaintiff's condition is a disability. When active, Plaintiff's symptoms substantially limit one or more of her major life activities, including concentrating, seeing, sleeping, and balance, as well as the operation of her neurological and brain functions. Plaintiff's condition does not prevent her from performing the essential functions of the Auxiliary Teacher position, with or without reasonable accommodation.

22.    On or about August 21, 2024, Plaintiff requested a reasonable accommodation by sending Doherty a note from her doctor that set forth her condition and requested workplace accommodations.

23.    In the doctor's note, Plaintiff's physician recommended several accommodations to address Plaintiff's symptoms, including permission to wear a baseball hat and sunglasses for her photophobia; to wear musician's earplugs for her phonophobia; to take frequent breaks; to leave early and/or use a quiet, dark area when her symptoms flared; and to arrive late or leave

4

early to attend vestibular and ocular therapy and her medical appointments. Plaintiff requested these accommodations.

24.     Plaintiff's requested accommodations were reasonable. They were of little or no cost and would not have prevented Plaintiff from performing the essential functions of the Auxiliary Teacher position.

25.     Both Plaintiff and her doctor's note invited Defendants to reach out with any questions about the requested accommodations.

26.     Defendants did not ask Plaintiff any questions about her requested accommodations, did not request any additional information, did not propose any alternative accommodations, and did not conduct any individualized assessment of Plaintiff's ability to perform the position. Defendants failed to engage in the interactive process.

27.     Later that same day, August 21, 2024, Defendants rescinded Plaintiff's offer and/or terminated her employment.

28.     Defendants took this action hours after Plaintiff requested a reasonable accommodation and without ever engaging in the interactive process.

29.     At all times relevant to this Complaint, Plaintiff performed the essential functions of the Auxiliary Teacher position, with or without reasonable accommodation.

30.     Defendants failed to hire Plaintiff and/or terminated her employment because of her actual or perceived disability, her record of impairment, and/or in retaliation for her request for reasonable accommodations.

31.     The close temporal proximity between Plaintiff's request for accommodation and Defendants' decision to rescind her offer and/or terminate her employment, both occurring on the same day, is evidence of Defendants' discriminatory and retaliatory intent.

32.     As a direct and proximate result of Defendants' conduct, Plaintiff has suffered and continues to suffer damages.

## COUNT I

**Violations of the Americans with Disabilities Act, 42 U.S.C. §12101 *et seq.***
**(Disability Discrimination, Failure to Accommodate, and Retaliation)**

33.     Plaintiff incorporates by reference all preceding paragraphs as though fully set forth herein.

34.     At all times relevant to this Complaint, Plaintiff was a qualified individual under the ADA. Plaintiff was able to perform the essential functions of the Auxiliary Teacher position, with or without reasonable accommodation.

35.     At all times relevant to this Complaint, Plaintiff was an individual with a disability under the ADA. When active, Plaintiff's traumatic brain injury and concussion substantially limited one or more of her major life activities, including concentrating, seeing, sleeping, and balance, as well as the operation of her neurological and brain functions.

36.     In addition or in the alternative, Plaintiff had a record of disability under the ADA based on her history of treatment for the condition.

37.     In addition or in the alternative, Defendants regarded Plaintiff as having a disability under the ADA. Defendants were aware of Plaintiff's condition and her requested accommodations and subjected Plaintiff to an adverse employment action because of her actual or perceived impairment.

38.     Defendants discriminated against Plaintiff on the basis of her disability by rescinding her offer and/or terminating her employment because of her disability.

6

39.     Defendants failed to provide Plaintiff with reasonable accommodations for her disability and failed to engage in the interactive process.

40.     Defendants retaliated against Plaintiff by rescinding her offer and/or terminating her employment because she requested reasonable accommodations for her disability. Plaintiff's request for accommodation constituted protected activity under the ADA.

41.     As a direct and proximate result of Defendants' violations of the ADA, Plaintiff has suffered and continues to suffer damages, including lost wages and benefits, emotional distress, humiliation, mental anguish, and other compensatory damages.

42.     Defendants' willful violation of the ADA entitles Plaintiff to punitive damages.

## COUNT II

### Violations of the Pennsylvania Human Relations Act, 43 P.S. §951 *et seq.*
### (Disability Discrimination, Failure to Accommodate, and Retaliation)

43.     Plaintiff incorporates by reference all preceding paragraphs as though fully set forth herein.

44.     At all times relevant to this Complaint, Plaintiff was a person with a handicap or disability under the PHRA. When active, Plaintiff's traumatic brain injury and concussion substantially limited one or more of her major life activities.

45.     At all times relevant to this Complaint, Plaintiff performed the essential functions of the Auxiliary Teacher position, with or without reasonable accommodation.

46.     Defendants discriminated against Plaintiff on the basis of her disability by rescinding her offer and/or terminating her employment because of her disability.

47.     Defendants failed to provide Plaintiff with reasonable accommodations for her known disability and failed to engage in the interactive process.

7

48.     Defendants retaliated against Plaintiff by rescinding her offer and/or terminating her employment because she requested reasonable accommodations for her disability.

49.     As a direct and proximate result of Defendants' violations of the PHRA, Plaintiff has suffered and continues to suffer damages, including lost wages and benefits, emotional distress, humiliation, mental anguish, and other compensatory damages.

## COUNT III

**Violations of the Philadelphia Fair Practices Ordinance, Phila. Code §9-1100 *et seq.*
(Disability Discrimination, Failure to Accommodate, and Retaliation)**

50.     Plaintiff incorporates by reference all preceding paragraphs as though fully set forth herein.

51.     At all times relevant to this Complaint, Plaintiff was a person with a disability under the PFPO, and this conduct occurred within the City of Philadelphia.

52.     Defendants discriminated against Plaintiff on the basis of her disability by rescinding her offer and/or terminating her employment because of her disability.

53.     Defendants failed to provide Plaintiff with reasonable accommodations for her known disability and failed to engage in the interactive process.

54.     Defendants retaliated against Plaintiff by rescinding her offer and/or terminating her employment because she requested reasonable accommodations for her disability.

55.     As a direct and proximate result of Defendants' violations of the PFPO, Plaintiff has suffered and continues to suffer damages, including lost wages and benefits, emotional distress, humiliation, mental anguish, and other compensatory damages. Defendants' conduct entitles Plaintiff to punitive damages.

## RELIEF

**WHEREFORE**, Plaintiff seeks damages and legal and equitable relief in connection with Defendants' unlawful conduct, and specifically asks this Court to grant her the following relief by:

- entering judgment against Defendants and in favor of Plaintiff in an amount to be determined;

- awarding compensatory damages to make Plaintiff whole for all lost earnings, earning capacity, and benefits, past and future, which Plaintiff has suffered or may suffer as a result of Defendants' unlawful conduct;

- awarding compensatory damages to Plaintiff for past and future pain and suffering, emotional upset, mental anguish, humiliation, and loss of life's pleasures, which Plaintiff has suffered or may suffer as a result of Defendants' unlawful conduct;

- awarding punitive damages to Plaintiff;

- awarding Plaintiff any other damages that are appropriate under the ADA, the PHRA, and the PFPO;

- awarding Plaintiff the costs of suit, expert fees and other disbursements, and reasonable attorneys' fees; and

- granting any other relief that this Court may deem just, proper, or equitable, including other equitable and injunctive relief providing restitution for past violations and preventing future violations.

## JURY TRIAL DEMAND

Plaintiff demands a trial by jury.

9

**THE GOLD LAW FIRM, P.C.**

By: /s/ Brian C. Farrell
Brian C. Farrell, Esquire
1835 Market Street, Suite 515
Philadelphia, PA 19103
(215) 569-1999
bfarrell@discrimlaw.net
Attorney for Plaintiff Chantae Ringgold

June 22, 2026

10